IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| William Ezell, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Global Geophysical Services, Inc., | ) | |
| | ) | Case No. 1:12-cv-150 |
| Defendant. | ) | |

The plaintiff, William Ezell (Ezell), initiated the above entitled action on October 31, 2012, with the submission of *pro se* complaint and application to proceed *in forma pauperis*. Upon reviewing Ezell's submissions, the court concluded that Ezell lacked the means to pay the filing fee but that his complaint did not state enough in terms of the facts and grounds for relief to give defendant fair notice of his claims. Consequently, in its order of November 5, 2012, the court granted Ezell's application for leave to proceed *in forma pauperis* and further directed him to file an amended complaint addressing the aforementioned deficiencies.

Ezell filed an amended complaint on November 19, 2012, asserting that employment was wrongfully terminated by the defendant, Global Geophysical Services, Inc. (GGS). In so doing he intimated that the reasons given by GGS for his termination were pretextual and that its decision was in reality race-based. He goes on to describe the events leading up to his termination as follows.

A co-worker of Ezell's used racial slurs when addressing Ezell on the afternoon of November 26, 2011. Ezell went to Tony Garcia, his manager, early the next morning to complain about the previous day's incident. Garcia expressed little concern about the incident and instead focused on a report of an altercation between Ezell and his roommate, Ken Malone. Apparently, Ezell and Malone had gotten into an argument around 12:25 a.m. on November 27, 2011. Sometime thereafter Malone

1

presumably contacted management to claim that he had been threatened by Ezell with a knife. Ezell denied Malone's claim. Garcia did not know whether he should believe Ezell or Malone. Nevertheless, concerned about what he perceived as Ezell's escalating anger issues, Garcia terminated Ezell's employment.

Having reviewed Ezell's amended complaint, the court is not prepared to conclude for the purposes of § 1915(e)(2) that it is clear beyond doubt there is no set of facts that would entitle the Ezell to relief. Ezell's amended complaint is nevertheless problematic from the standpoint that it neither explicitly articulates the statutory basis for his claim nor clearly sets forth the relief he is seeking.[1]

Mindful of the fact that Ezell is proceeding *pro se*, the court shall afford Ezell one more opportunity amend his complaint. Accordingly, Ezell is **GRANTED** leave to file a second amended complaint with the court by January 28, 2013, that: (1) explicitly identifies the statutory basis for his claim(s), such as, for example, 42 U.S.C. § 1981; (2) describes in detail the factual basis for his claim(s); and (3) states in simple and direct terms the relief he seeks, e.g., restoration of his employment and/or an award of monetary damages.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2012.

                                                    */s/ Charles S. Miller, Jr.*
                                                    Charles S. Miller, Jr., Magistrate Judge
                                                    United States District Court

---

[1] Ezell does not directly state that he is asserting claim pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1965 ("Title VII"), or both § 1981 and Title VII. See Wallace v. Graphic Management Associates, Inc., No. Civ.A. 04-CV-0819, 2005 WL 527112, at * 2 (E.D. Pay March 3, 2005 ("[T]he remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent."). "Under § 1981, a plaintiff does not have to file an administrative charge with the EEOC before filing a Complaint with this Court." Id. In contrast, to initiate a claim Under Title VII, a plaintiff must have filed a complaint with the EEOC and obtained a right to sue letter. See Henderson v. Ford Motor Co., 2002 WL 334408, at *2 (D. Minn. 2002) (citing Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir.1997), and 42 U.S.C. § 2000e–5(b), (c), (e)).